**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | |
|---|---|
| Stephanie Meinerz, as Parent and Guardian of Ethan Johnson,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>Marie Meinerz and Duane Vollmer,  )<br>)<br>Defendants.  ) | **ORDER DENYING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**<br><br>Case No. 4:05-cv-106 |

Before the Court is a Motion for Default Judgment [8] filed on November 22, 2005, by the plaintiff, Stephanie Meinerz, as parent and guardian of Ethan Johnson. Stephanie Meinerz seeks default judgment against the defendant, Marie Meinerz. The defendant filed a responsive pleading on December 1, 2005 [10], and the plaintiff filed a reply on December 8, 2005 [12]. For the following reasons the motion is denied.

**I.   BACKGROUND**

On June 5, 2003, the plaintiff, Ethan Johnson, was the passenger in a motor vehicle operated by his aunt, defendant Marie Meinerz. See Complaint, ¶ 5. An individual named Craig Golding was also a passenger. See Affidavit of Robert Jaeger, ¶ 6. All three individuals were traveling eastbound on a township road in rural North Dakota. At that same time, the defendant, Duane Vollmer, was traveling southbound on nearby County Road 23. It is alleged that Marie Meinerz failed to yield at the intersection of County Road 23 and struck the right front of Vollmer's vehicle propelling both vehicles off the road. See Complaint, ¶ 5. As a result of the collision, Ethan Johnson was thrown from the vehicle and sustained numerous injuries.

On October 14, 2005, Stephanie Meinerz, as parent and guardian of Ethan Johnson, filed an

action against Marie Meinerz and Duane Vollmer in United States District Court for the District of North Dakota. Marie Meinerz was served with a copy of the summons and complaint on October 18, 2005. See Docket No. 3. The complaint alleges negligence on behalf of both Marie Meinerz and Duane Vollmer.

In addition to the federal action, Duane Vollmer and Craig Golding have filed actions in state court against Marie Meinerz as a result of the accident. From early on, Marie Meinerz's insurance carrier was involved in negotiations with all of the parties in an attempt to reach a comprehensive settlement.[1] However, on November 16, 2005, the insurance carrier received verbal notice that Ethan Johnson was going to seek default judgment. See Affidavit of Robert Jaeger, ¶¶ 6-13. The insurance carrier immediately contacted attorney Collin P. Dobrovolny who served a Notice of Appearance on behalf of Marie Meinerz that same day. On November 22, 2005, the Plaintiff filed the present Motion for Default Judgment against defendant Marie Meinerz. Thereafter, on November 30, 2005, Marie Meinerz filed an answer to the complaint.

## II.   LEGAL DISCUSSION

Under Rule 55 of the Federal Rules of Civil procedure, a motion for default judgment may only be granted in those instances in which "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules." In the ordinary course of things, a defendant shall serve an answer within twenty (20) days after being served with a copy of the summons and complaint. Fed. R. Civ. P. 12(a)(1)(A).

---

[1] Ethan Johnson and Craig Golding are both represented by attorney Mark Larson. See Affidavit of Robert Jaeger, ¶ 10.

It is well-established that "[b]oth the entry of a default judgment and the ruling on a motion to set aside a default judgment are committed to the sound discretion of the district court." U.S. on Behalf of and for Use of Time Equipment Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993) (citing Federal Trade Comm'n v. Packers Brand Meats, Inc., 562 F.2d 9, 10 (8th Cir. 1977)). This element of discretion makes it clear that the party making the request is not entitled to a default judgment as a matter of right even when the defendant is technically in default. 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (3d ed. 1998). The entry of default judgment is a rare and disfavored judicial act. In re Jones Truck Line, Inc., 63 F.3d 685, 688 (8th Cir. 1995). The Eighth Circuit has also instructed that the entry of default under Rule 55(a) must precede the granting of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998).

Following Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure, Marie Meinerz had twenty days (20) after being served with a copy of the summons and complaint to file an answer or other formal response. It is undisputed that service of the summons and complaint occurred on October 18, 2005. Meinerz served a notice of appearance on November 16, 2005, which was twenty-nine (29) days after service of the summons and complaint. Thus, the response was nine (9) days late. The motion for default judgment was filed on November 22, 2005.

The Court notes that the Plaintiff failed to seek entry of default as contemplated under Rule 55(a) which would preclude granting judgment by default at this time. In addition, Rule 55(b)(2) provides that if the party against whom judgment by default is sought has "appeared" in the action, that party shall be served with written notice of the application for default judgment at least 3 days prior to the hearing on such application. Meinerz had "appeared" in the action before the motion for

default judgment was filed and she was not provided with such notice. Notwithstanding this, the Court finds that the short delay in filing a formal response does not warrant entry of default. The Court's decision is bolstered by the fact that the parties were involved in ongoing settlement discussions until mid-November 2005 and just shortly before the motion for default judgment was filed. Further, the Court is mindful of the fact that if default judgment were entered, Meinerz would have a strong argument for setting aside that judgment. See Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998) (explaining the standard for setting aside judgment under Rule 55(c)). There is a judicial preference for the adjudication of claims on the merits. The delay in this case, largely attributable to a good faith oversight, does not warrant the entry of default judgment. The Court, in its discretion, finds that the entry of default judgment is unwarranted under the circumstances.

### III.   CONCLUSION

For the reasons set forth above, the Plaintiff's Motion for Default Judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated this 12th day of December, 2005.

_____
Daniel L. Hovland, Chief Judge
United States District Court