**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| Stephanie Meinerz, as Parent and Guardian | ) | **ORDER DENYING MOTIONS TO** |
| of Ethan Johnson, | ) | **DISMISS FOR FAILURE TO JOIN AN** |
| | ) | **INDISPENSABLE PARTY** |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Marie Meinerz and Duane Vollmer, | ) | Case No. 4:05-cv-106 |
| | ) | |
| Defendants. | ) | |

_____

     Before the court is a Motion to Dismiss for Failure to Join an Indispensable Party, which was filed on Defendant Duane Vollmer on January 5, 2006, and joined by Defendant Marie Meinerz on January 18, 2006.  For the reasons set forth below, the motion is denied.

## I.   <u>BACKGROUND</u>

     The above-entitled action arises out of a two-car accident that occurred on June 5, 2003, in Ward County, North Dakota.  Defendant Marie Meinerz ("Meinerz") was apparently driving east on a township road in her Ford truck while Defendant Duane Vollmer ("Volmer") was driving south on County Road 23 in his Chevy truck.  Meinerz allegedly failed to yield at the intersection of the township road and County Road 23 and struck Vollmer.  Meinerz's truck rolled, ejecting Ethan Johnson, her nephew and passenger.  Johnson alleges he sustained injuries to his head, arm, back, and chest.   A second passenger in Meinerz's truck, Craig Golding ("Golding") also claims injuries resulting from the accident.

     On October 14, 2005, Stephanie Meinerz initiated the above-entitled action with this court by filing a complaint on Johnson's behalf.   Therein she attributed Johnson's injuries to the

negligence of both Meinerz and Vollmer.  Her asserted basis for this court's exercise of subject

matter jurisdiction is diversity of citizenship and an amount in controversy exceeding $75,000, see

28 U.S.C. § 1332.

Golding has apparently initiated a negligence action against Meinerz and Vollmer in state

court and is represented by the same attorney who is representing Johnson in this action.  Golding

is a North Dakota resident.

On January 5, 2006, Vollmer filed a Motion to Dismiss for Failure to Join an Indispensable

Party pursuant to Rule 12(b)(7) of the Federal Rules of Civil Procedure.  On January 18, 2006,

Defendant Meinerz joined in Vollmer's  motion.

## II.   <u>DISCUSSION</u>

Rule 19 of the Federal Rules of Civil Procedure governs when joinder of a particular party

is compulsory.  See e.g., Gwartz, M.D. v. Jefferson Memorial Hospital Assoc., 23 F.3d 1426, 1429

(8th Cir. 1994).  When determining whether joinder is appropriate under Rule 19, the court must first

determine whether joinder is feasible, i.e., whether a person is necessary, under Rule 19(a).  Id. at

1429.  Rule 19(a) provides the following in relevant part:

> A person who is subject to service of process and whose joinder will not deprive the court
> of jurisdiction over the subject matter of the action shall be joined as a party in the action if
> (1) in the person's absence complete relief cannot be accorded among those already parties,
> or (2) the person claims an interest relating to the subject of the action and is so situated that
> the disposition of the action in the person's absence may (i) as a practical matter impair or
> impede the person's ability to protect that interest or (ii) leave any of the persons already
> parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent
> obligations by reason of the claimed interest.

If a person is a necessary party under Rule 19(a), then a court must proceed under Rule 19(b) to

determine whether "in equity and good conscience the action should proceed among the parties

before it, or should be dismissed, the absent person being thus regarded as indispensable" applying

2

the factors set forth in subsection (b).  But, if a person is not a necessary party under Rule 19(a), there is no need to proceed further.  Id.

Vollmer maintains that Golding is an indispensable party in that he has an interest in the outcome of the above-entitled action.  As a demonstration of Golding's interest and how it may be adversely affected by this action, Vollmer envisions the following scenario: assuming that Johnson prevails in his federal case prior to the final disposition of Golding's state case and is awarded an amount exceeding the applicable insurance policy, there may be nothing left for Golding to collect even if he were to prevail on his claims in state court.

Vollmer also maintains that the disposition of the above-entitled action without Golding's inclusion subjects him to a substantial risk of incurring multiple or otherwise inconsistent obligations.  According to Vollmer, Johnson's and Golding's cases involve the same operative facts and the same allegations–that Vollmer's truck was overloaded at the time of the accident, that he was speeding and did not keep a proper lookout, that Meinerz was speeding, that she too failed to maintain a proper lookout, and that she failed to yield to oncoming traffic.  Consequently, Vollmer avers that he will unfairly incur the time and expense of defending himself twice for the same alleged conduct and conceivably face the risk of inconsistent obligations if these cases proceed in different forums.

Vollmer acknowledges that the joinder of Golding is not feasible to the extent that his inclusion in the above-entitled action would destroy complete diversity of citizenship amongst the parties.[1]  Thus, he requests that the above-entitled action be dismissed without prejudice, adding that

---

[1]  The asserted basis for subject matter jurisdiction in this case is diversity of citizenship, see 28 U.S.C. § 1332, which requires complete diversity amongst the parties opposed in interest.  See Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) ("Since its enactment, we have interpreted the diversity statute to require `complete diversity' of citizenship.").  Johnson and his mother are Colorado residents whereas the defendants are North Dakota residents.  Thus,

Johnson, through his parent and guardian, could re-file in state court (where his claims could be consolidated Golding's claims).

As for Meinerz, she is concerned about the prospect of two trials, two juries, and potentially two verdicts and two appeals, stressing that such duplication will be of great expense and inconvenience to the parties as well as the courts.  For this reason, she too requests that the court, in its discretion and as a matter of equity, deem Golding an indispensable party under Rule 19(b) and dismiss Johnson's claims without prejudice.

Johnson disputes the assertion that Golding is an indispensable party to this action and takes exception to what he characterizes as the defendants efforts to force him into State court.  He contends that  it would be illogical to characterize a co-passenger such as Golding an indispensable party given that passengers are not generally held liable for the fault, if any, of their drivers under North Dakota law.  He further cites to cases entitled Lacoste Builders, L.L.C. v. Croft Metals, Inc., No. CIV. A. 01-1860, 2001 WL 1255887 (E.D. La. Oct. 21, 2001), and Groves v. Pfister, 2005 WY 51,110 P.3d 275 (2005),  for the proposition that the threat of multiple litigation arising out of the same tort does not render a party indispensable when there is little possibility of inconsistent obligations.

In Lacoste Builders, plaintiffs in consolidated diversity suits sought to recover damages for allegedly defective windows manufactured by the defendant.  See Lacoste Builders, L.L.C. v. Croft Metals, Inc., No. CIV. A. 01-1860, 2001 WL 1255887 at *1 (E.D. La. Oct. 21, 2001).  The defendant and its insurer filed a motion to add the non-diverse intermediate seller of the windows as a defendant on the grounds that the seller was indispensable.  Id. The court denied the motion,

---

there is complete diversity amongst the parties at present. Golding's inclusion would destroy this complete diversity, however, as he resides in North Dakota. His joinder, therefore, would not be feasible under Rule 19(a).

finding that the defendant had not shown that the seller was a party described by Rule 19(a).  Id.

Further, even if the defendant had made such a showing, it concluded that the defendant could not

show that "in equity and good conscience" the plaintiffs case should be dismissed without the seller.

Id.  The fact that the defendant may have faced multiple litigation involving the windows was, in

the court's opinion, inconsequential as there was little possibility of inconsistent obligations.  Id. at

2.

      The issue before the Wyoming Supreme Court in Groves more closely mirrors the one now

before this court: whether a non-party with a tort cause of action for injuries arising out of the same

accident that is the subject of a negligence action must be joined under the applicable rules of civil

procedure.  In Groves, the plaintiffs, a mother and her minor daughter, claimed they were injured

when the defendant's vehicle negligently rear-ended their vehicle.  Groves v. Pfister, 2005 WY at

¶ 3.  The defendant filed a motion to join a third person, the daughter's friend, who was in the

plaintiffs' car at the time of the accident pursuant to Rule 19 of the Wyoming Rules of Civil

Procedure.  Apparently, the friend had filed a claim with the defendant's insurer but had not yet

initiated any legal proceedings.  Id.  The state district court granted the defendant's motion, finding

that the friend's presence was needed for a just adjudication.  Id.

      On appeal, the Wyoming Supreme Court reversed relying primarily upon court decisions

applying federal-court precedent given that Wyoming Rule 19 is patterned after the federal rule.  In

concluding that the district court had erred in holding that plaintiffs' friend was a necessary party

under Wyoming Rule 19(a),  the court first observed that the plaintiffs and their friend possessed

separate and distinct causes of action independent of each another and that the friend's absence

would not prevent complete relief being accorded to the plaintiffs on their complaint.  The court then

turned to the issue of whether the defendant being exposed to different outcomes in separate suits by the plaintiffs and their friend made the friend a necessary party within meaning of Rule 19(a)(2)(ii).  2005 WY at ¶ 11.   Like the federal rule, Wyoming's version of Rule 19(a)(2)(ii) provides that persons may be necessary parties when their absence would "leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."  2005 WY at ¶ 10.

The Wyoming Supreme Court held that the defendant's potential exposure to multiple suits in Grove only exposed the defendant to multiple and possibly inconsistent "adjudications" and not to multiple or inconsistent "obligations" within the meaning of Rule 19(a)(2)(ii).  2005 WY at ¶ 11. To explain the difference, it quoted extensively from the opinion of the First Circuit in Delgado v. Plaza Las Americas, Inc., 139 F.3d 1 (1st Cir. 1998)[2] including the following language:

> "Inconsistent obligations" are not, however, the same as inconsistent adjudications or results. *See Micheel v. Haralson*, 586 F.Supp. 169, 171 (E.D.Pa.1983); *see also* 4 James Wm. Moore *et al.*, Moore's Federal Practice ¶ 19.03 (3d ed.1997). Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. *See* 4 Moore's at ¶ 19.03. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. *See National Union Fire Ins. Co. of Pittsburgh v. Massachusetts Mun. Wholesale Elec. Co.*, 117 F.R.D. 321, 322 (D.Mass.1987) (citing Bedel v. Thompson, 103 F.R.D. 78, 81 (S.D.Ohio 1984)); *see also Boone v. General Motors Acceptance Corp.*, 682 F.2d 552, 554 (5th Cir.1982)(the threat of inconsistent obligations, not multiple litigations, informs Fed.R.Civ.P. 19(a) considerations); *Field v. Volkswagenwerk AG*, 626 F.2d 293, 301 (3d Cir.1980) (similar). Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident-i.e., a risk of

---

[2]   In Delgado, the plaintiff's daughter was raped at gunpoint in a shopping center owned by the defendant. Plaintiff, a Florida resident, sued for the mental anguish he suffered as a result of the rape of his daughter in federal court while his daughter, who resided in Puerto Rico, sued in Puerto Rico Superior Court.  The First Circuit reversed the decision of the federal district court, holding that  plaintiff' daughter was an indispensable party to the federal action.

> inconsistent adjudications or results-does not necessitate joinder of all of the parties
> into one action pursuant to Fed.R.Civ.P. 19(a). *See Field*, 626 F.2d at 301. Moreover,
> where two suits arising from the same incident involve different causes of action,
> defendants are not faced with the potential for double liability because separate suits
> have different consequences and different measures of damages. *See In re Torcise*,
> 116 F.3d 860, 866 (11th Cir.1997).

2005 WY at ¶ 9 (quoting <u>Delgado v. Plaza Las Americas, Inc.</u>, 139 F.3d at 3). Based upon <u>Delgado</u> and other cases making the same distinction, the Wyoming Supreme Court concluded that the non-joined friend in <u>Groves</u> was not a necessary party within the meaning of Rule 19(a) because the defendant was exposed only to inconsistent adjudications and not inconsistent obligations. 2005 WY at ¶ 11.

Also, in support of its decision, the Wyoming Supreme Court quoted extensively from the state-court case of <u>Garay v. Overholtzer</u>, 631 A.2d 429 (Md.Ct.App. 1993). 2005 WY at ¶ 9. <u>Garay</u> contains an extended discussion of federal-court precedent and treatise commentary that is particularly helpful on the issue of whether joinder of parties who possess separate and distinct causes of action arising out of a single tortious incident is compulsory under Rule 19, including the following:

> The purpose of the Fed.R.Civ.P. 19 is "to bring before the court all persons
> whose joinder would be desirable for a just adjudication of the action." 7 Charles A.
> Wright, et al., *Federal Practice and Procedure* § 1604, at 36 (2d ed. 1986).
> Professors Wright, Miller and Kane state:
>> "There is no precise formula for determining whether a particular
>> nonparty must be joined under Rule 19(a). The decision has to be made in
>> terms of the general policies of avoiding multiple litigation, providing the
>> parties with complete and effective relief in a single action, and protecting
>> the absent persons from the possible prejudicial effect of deciding the case
>> without them. Account must also be taken of whether other alternatives are
>> available to the litigants. By its very nature, Rule 19(a) calls for
>> determinations that are heavily influenced by the facts and circumstances of
>> individual cases, although certain general patterns are apparent in the
>> decisions."

7

7 Wright, et al., *supra*, § 1604, at 40.

  With regard to tort actions involving multiple plaintiffs who are severally entitled to relief against a tortfeasor, it has been stated:

> "When several tort actions instituted by different persons arise out of the same incident, the complaining parties need not be joined in the suits brought by the others. For instance, in an action by a husband for personal injuries, his wife's joinder may not be essential if her claim for loss of consortium is wholly independent under state law and she is free to assert it in a separate action."

7 Wright, et al., *supra*, § 1623, at 349-350. Professor Moore similarly states in this regard:

> "The possibility of adjudications that are inconsistent merely as a matter of logic does not trigger the application of Rule 19(a) . . . . Thus when several persons are injured by the same tort and proof of damage is individual, the fact that want of an estoppel may leave a defendant who has defended successfully against one of the injured parties with the risk that he will be liable to another in a subsequent suit does not make it necessary that all the putative plaintiffs be joined in the same suit. . . ."

3A James W. Moore & Jo D. Lucas, *Moore's Federal Practice* ¶ 19.07-1[2.-2], at 19-123-24 (1993).

  In line with the commentators, federal decisions generally manifest a pattern of not requiring joinder of parties who possess separate and distinct causes of action arising out of a single tortious incident. *See Lewis v. Holden*, 821 F.2d 291 (5th Cir.1987) (Under Mississippi law, parents and minor possess separate causes of action for negligent injury to minor and minor need not be joined in parent's action by Fed.R.Civ.P. 19(a)); *Bakia v. County of Los Angeles*, 687 F.2d 299 (9th Cir.1982) (It is a misapplication of Fed.R.Civ.P. 19(a) to add parties who are neither necessary nor indispensable, who are not essential for just adjudication and who have a separate cause of action entirely); *Field v. Volkswagenwerk AG*, 626 F.2d 293 (3d Cir.1980) (wife, whose cause of action for loss of consortium was separate and distinct from decedent spouse's claim, not required to be joined under Fed.R.Civ.P. 19(a)); *Pan American World Airways, Inc. v. United States Dist. Ct.*, 523 F.2d 1073 (9th Cir.1975) (airplane crash victims' next of kin, who may be potential plaintiffs, are not required to be joined in suit with other crash victims); *Sove v. Smith*, 311 F.2d 5 (6th Cir.1962) (wife, whose cause of action for loss of consortium was separate and distinct from husband's own claim, not required to be joined under Fed.R.Civ.P. 19); *Cortez v. County of Los Angeles*, 96 F.R.D. 427 (C.D.Cal.1983) (minor not required to be joined in parents' suit seeking recovery for emotional distress as a result of defendant's negligent medical treatment of minor); *Wright v. Schebler Co.*, 37 F.R.D. 319 (S.D.Iowa 1965) (wife, whose cause of action for loss of consortium is a separate and distinct from husband's own claim, not required to be joined under Fed.R.Civ.P. 19(a)). *But see Aguilar v. County of Los Angeles*, 751 F.2d 1089 (9th Cir.), *cert. denied*,471 U.S. 1125, 105 S.Ct. 2656, 86 L.Ed.2d 273 (1985) (where under California state law collateral estoppel may preclude minor from relitigating

issue of negligence if his parents were unsuccessful in a federal diversity action, minor required to be joined in his parent's action for recovery of pre-majority medical expenses); *Lopez v. Martin Luther King, Jr. Hosp.*, 97 F.R.D. 24 (C.D.Cal.1983) (same).

. . . .

Indeed, as the United States Court of Appeals for the Third Circuit recognized in circumstances similar to the case sub judice, requiring joinder of separate causes of action arising out of a single tortious incident would render meaningless the distinction between permissive and compulsory joinder. *Field*, *supra,* 626 F.2d at 301.

631 A.2d at 437-438.

In this case, there is no dispute about the fact that Golding and Johnson each possess separate and distinct causes of action under North Dakota law, which, if their claims are successful, makes any obligations of the defendants to Golding and Johnson separate and distinct. Based on the authority cited above, the defendants' exposure to multiple or inconsistent adjudications on separate and distinct claims (as opposed to the possibility of having to pay  the same obligation twice or being subjected to differing judgments with respect to the same obligation) is not enough to make Golding a necessary party under Rule 19(a).  See also Gwartz, M.D. v. Jefferson Memorial Hospital Assoc., 23 F.3d at 1428-30 (reversing the district court's dismissal of an action on Rule 19 grounds because the possibility of multiple adjudications did not expose the defendant to double, multiple, or inconsistent obligations).[3]

---

[3] Defendants raise the possibility of verdicts over the insurance limits and the specter of a "race to judgment" to see who can first levy upon limited resources.  However, defendants have not cited to any case holding this to be relevant factor under Rule 19(a), and the authority cited above would suggest the contrary, particularly given that such a race can occur anytime there are multiple suits against a defendant and not just when the suits arise out of the same accident.  Moreover, the defendants have offered nothing to demonstrate this a real concern.  For example, the court has not been advised as to extent of the claims of damages by Johnson and Golding, the available policy limits, or the extent of defendants' resources to satisfy judgments over the available insurance limits.  Further, the same attorney represents both Golding and Johnson, which makes improbable any "race to judgment" between the federal and state cases.

III.   **CONCLUSION AND ORDER**

Based on the foregoing, the court concludes that Golding is not a necessary party as contemplated by Rule 19(a).   Accordingly, the defendants' Motion to Dismiss for Failure to Join an Indispensable Party is **DENIED.**

**IT IS SO ORDERED.**

Dated this 24th day of March, 2006.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge

10